# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **ROBERT BARBU and HOLLY HERRICK,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **Case No. 3:20 -cv-01045** |
| **WYNDHAM VACATION OWERNSHIP, INC. and WYNDHAM VACATION RESORTS, INC.,** | ) ) ) ) | **Judge Aleta A. Trauger** |
| **Defendants.** | ) ) | |

## MEMORANDUM

Plaintiffs Robert Barbu and Holly Herrick filed suit against defendants Wyndham Vacation Ownership, Inc. ("WVO") and Wyndham Vacation Resorts, Inc. ("WVR"), initially asserting several claims in connection with their purchase of timeshare interests from the defendants in 2012 and 2015. (Doc. No. 1.) The defendants responded to the initial Complaint by filing a Motion to Dismiss, following which the plaintiffs were granted leave to amend and correct their pleading. The plaintiffs then filed an Amended Complaint (Doc. No. 18), substantially narrowing the focus of their factual allegations and limiting their legal claims to only two counts related to the 2012 timeshare agreement: (1) a claim for breach of contract and breach of the duty of good faith and fair dealing (Count I); and (2) a claim for violation of the Tennessee Time-Share Act ("TTSA"), Tenn. Code Ann. § 66-32-101 *et seq.* (Count II).

Now before the court is the defendants' Motion to Dismiss the claims asserted in the Amended Complaint, filed with a supporting Memorandum of Law. (Doc. Nos. 19, 20.) The plaintiffs filed a Response in Opposition to the motion in which they state that they voluntarily

dismiss their breach of contract claim, but they maintain that the Amended Complaint states a viable claim under the TTSA. (Doc. No. 24.) The defendants filed a Reply (Doc. No. 25), and the plaintiffs, with permission, filed a Sur-reply (Doc. No. 30).[1]

For the reasons set forth herein, the motion will be granted in part and denied in part.

## I.    FACTUAL BACKGROUND

WVR and WVO are both Delaware corporations engaged in the "timeshare industry," with their principal place of business in Orlando, Florida. (Doc. No. 18 ¶¶ 2, 15–16.) The plaintiffs allege that, although the defendants are separate entities, they share the same offices in Parsippany, New Jersey and Orlando, Florida, share many of the same officers and directors, and "engage in uniform and common operations related to the ownership and operation of vacation ownership resorts and the marketing and sale of vacation ownership interests." (*Id.* ¶¶ 17–19.) The plaintiffs also assert that each defendant operated as the agent, co-conspirator, joint venturer, and alter ego of the other at all times and collectively engaged in the fraudulent scheme described in the Amended Complaint. (*Id.* ¶¶ 20–22.) The Amended Complaint refers to the two defendants collectively as "Wyndham." The plaintiffs allege that Brandon Haynes was an employee/agent of "Wyndham" in 2012 and that "Wyndham" is vicariously liable for Haynes's acts and omissions. (*Id.* ¶ 8(c).)

The plaintiffs are residents of Avon Lake, Ohio. (*Id.* ¶ 10.) On or about October 30, 2012, the plaintiffs attended a sales presentation conducted by WVR and WVO in Davidson County, Tennessee that ultimately induced them to purchase timeshare interest from "WVR and WVO or an affiliated company." (Doc. No. 18 ¶¶ 1, 4.) The plaintiffs claim that the presentation was

---

[1] The plaintiffs subsequently filed a second "Sur-Reply" (Doc. No. 31) almost two months after they filed their original (and actual) Sur-Reply. The second Sur-Reply appears to be a mistitled version of their Motion for Leave to File Sur-Reply Brief and to have been filed erroneously.

characterized by the defendants as a "short 'Owner Update meeting'" but was, in reality, a "several hours long, high-pressure sales presentation." (*Id.* ¶ 34.) At this meeting, the plaintiffs met with Brandon Haynes, "WVO and WVR's agent and salesperson." (*Id.* ¶ 35.)

Haynes made several specific misrepresentations to the plaintiffs during their meeting with him, all of which he allegedly knew were untrue when he made them. Specifically, he knowingly and falsely told the plaintiffs that (1) their 2012 purchase of timeshare interests from Wyndham was "a good investment" and that they would "be able to sell it for a profit"; (2) they could call him anytime on his personal cell phone and "he would personally help them make reservations and make the most of their timeshare"; (3) they could use "points to cover all of their maintenance fees"; (4) their 2012 purchase would "guarantee reservations"; (5) they would be able to refinance their purchase at a lower rate of interest through their preferred bank; and (6) their timeshare purchase and payments were tax deductible. (*Id.* ¶¶ 36–41.) The plaintiffs state that Haynes made these misrepresentations to them, knowing that they would be "tricked into signing documents that often contradicted his statements," and that they relied on each of these representations to their detriment in making their timeshare purchase that day in 2012. (*Id.* ¶¶ 42, 43.)

As stated above, the Amended Complaint sets forth one "count" for breach of contract and a second "count" for violation of the Tennessee Time-Share Act. The TTSA claim is generally premised upon the allegations regarding Haynes's misrepresentations during the sales presentation. Under the heading "Count II," the plaintiffs assert that Haynes acted as an agent of both WVO and WVR and that each of the misrepresentations "enumerated in the foregoing paragraphs" was made in violation of the TTSA. (*Id.* ¶¶ 61, 63.) In addition, however, that section of the Amended Complaint also includes more general allegations that WVR and WVO, through Haynes, and perhaps others, violated the TTSA by making fraudulent and misleading statements

and omissions: (1) "as to the availability of a resale program and/or rental program"; (2) "that the timeshares offered to the Plaintiffs were limited as to quantity or restricted as to time"; (3) concerning the availability of the timeshares being sold . . . at a particular price without properly disclosing the number of such timeshares then for sale at the price being disclosed . . . to the Plaintiffs"; (4) as to the "size, nature, extent, qualities, or characteristics of the accommodations or facilities" of the timeshares being purchased by the plaintiffs; (5) as to the "nature or extent" of "rental, advisory, exchange and resell services" "incident to the timeshares purchased by the Plaintiffs"; (6) that "certain facilities and/or services available to the Plaintiffs were for their exclusive use" when, in fact, "anyone can rent a Wyndham timeshare by going on internet travel websites"; (7) regarding the "contents of the timeshares and/or timeshare programs" the plaintiffs were purchasing and regarding the terms of the timeshare contract and their rights thereunder; and (8) regarding "the conditions under which the Plaintiffs may participate in one or more exchange, rental or resell programs as enumerated above." (Doc. No. 18 ¶ 66(a)–(h).)

The plaintiffs also claim that the defendants, through Haynes, violated the TTSA by engaging in "high-pressure sales tactic[s]" by telling the plaintiffs they would only be required to stay at the sales presentation for forty-five minutes but then "pressured" them into staying much longer than that and falsely telling them they were being offered a special, limited-time deal, thus "creat[ing] a false sense of urgency." (*Id.* ¶¶ 69–70.) They allegedly violated the TTSA by "failing to disclose that the contract was of perpetual duration"; failing to provide to the plaintiffs "in a meaningful way" a copy of the Time-share Public Offering Statement the defendants were required to file with the Tennessee Real Estate Commission prior to offering time-share contracts for sale in Tennessee; and failing to "fully and accurately disclose to the Plaintiffs the information required

under Tenn. Code Ann. § 66-32-112 of the [TTSA]"—including information about the fees due at closing and about the plaintiffs' rescission rights. (*Id.* ¶¶ 71–85.)

Anticipating a statute of limitations defense, since their claims arise from a sales presentation and the purchase of timeshare interests in 2012 and their suit was not filed until 2020, the plaintiffs also expressly assert that their claims are subject to the "discovery rule" and that, pursuant to the discovery rule, their TTSA claims did not accrue until "approximately August of 2016," when, "after contemplating the circumstances of their [2012] Wyndham contract, and the statements they [had] been told by the various Wyndham agents," they realized that "they had been defrauded." (*Id.* ¶ 30.) The plaintiffs claim they did not "realize the full extent of the false statements" until after retaining counsel in October 2018 and that any applicable statute of limitations is tolled by the defendants' "knowing, active, and ongoing concealment" of their fraudulent activities. (*Id.* ¶ 31.) [2]

The plaintiffs assert that, as a result of "fraudulent omissions and violations of laws" as alleged in the Amended Complaint, they have each suffered damages in excess of $75,000. (*Id.* ¶ 4.) They seek rescission of their timeshare contract as well as damages, punitive damages, restitution, and attorney's fees and costs. (Doc. No. 18, at 22.)

---

[2] TTSA claims are subject to a four-year statute of limitations running from "the date of the contract of purchase, notwithstanding that the purchaser's terms of payments may extend beyond the period of limitation." Tenn. Code Ann. § 66-32-119. No Tennessee state court has addressed the issue, but the United States District Court for the Eastern District of Tennessee has construed § 66-32-119 as a statute of repose to which "tolling theories of equitable estoppel, fraudulent concealment, and the discovery rule do not apply." *Moore v. Westgate Resorts Ltd.*, No. 3:18-CV-00410-DCLC, 2020 WL 6814666, at *11 (E.D. Tenn. Nov. 18, 2020); *see also Bauer v. Wyndham Vacation Resorts, Inc.*, No. 3:18-CV-262-TAV-DCP, 2021 WL 1220929, at *10 (E.D. Tenn. Mar. 31, 2021) (same, citing *Moore*); *Allen v. Wyndham Vacation Resorts, Inc.*, No. 3:18-CV-259-TAV-DCP, 2021 WL 1220932, at *11 (E.D. Tenn. Mar. 31, 2021) (same). The defendants here have not sought dismissal on statute of limitations grounds.

The defendants seek dismissal of the Amended Complaint in its entirety. They argue that the breach of contract claim fails as a matter of law, both because the plaintiffs fail to allege which provision, if any, of the 2012 timeshare contract was breached and because allegations of fraud, standing alone, do not give rise to a claim for breach of contract. The defendants seek dismissal of the TTSA claim on the grounds that it is subject to the pleading requirements of Rule 9 of the Federal Rules of Civil Procedure and the plaintiffs fail to allege the facts supporting the TTSA claim with the particularity required by Rule 9.

## II.   STANDARD OF REVIEW

For purposes of a motion to dismiss under Rule 12(b)(6), the court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* Likewise, the court is not required to accept as true "bare assertions," formulaic recitation of the elements, and "conclusory" or "bald" allegations. *Id.* at 681. The question is whether the remaining *factual* allegations plausibly suggest an entitlement to relief. If not, the pleading fails to meet the standard of Fed. R. Civ. P. 8 and must be dismissed pursuant to Rule 12(b)(6).

Besides being broadly subject to Rule 12, the pleading of fraud-based claims in the federal system is subject to a "heightened pleading standard," *Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 257 (6th Cir. 2012), governed by Rule 9(b) of the Federal Rules of Civil Procedure. This rule provides that, "[i]n alleging fraud or mistake, a party must state with

particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Insofar as the plaintiff's TTSA claim is premised upon fraudulent misrepresentations, this standard applies. *Accord Hamm v. Wyndham Resort Dev. Corp.*, No. 3:19-cv-00426, 2019 WL 6273247, at *9 (M.D. Tenn. Nov. 25, 2019) (Trauger, J.); *McLearn v. Wyndham Resort Dev. Corp.*, No. 3:19-CV-00004, 2020 WL 1189844, at *3 n.8 (M.D. Tenn. Mar. 11, 2020) (Richardson, J.).

Rule 9(b)'s purpose is modest, however; its goal is merely to "provide a defendant fair notice of the substance of a plaintiff's claim in order that the defendant may prepare a responsive pleading." *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir. 1988). Rule 9(b)'s strictures are satisfied so long as a plaintiff specifies "the 'who, what, when, where, and how' of the alleged fraud.'" *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006).

## III.    DISCUSSION

### A.    Breach of Contract

In light of the plaintiffs' abandonment of their breach of contract claim, as evidenced by the statement in response to the Motion to Dismiss that they "voluntarily dismiss" the claim, the court will grant the Motion to Dismiss insofar as it seeks dismissal of the breach of contract claim.

### B.    TTSA Claims

The defendants assert that the TTSA claim is subject to dismissal for failure to satisfy Rule 9, as the Amended Complaint lists eight alleged misrepresentations but does not identify the speaker, the location and date of the statements, or what made them fraudulent. (Doc. No. 20, at 7.) In their Response, the plaintiffs state that the Amended Complaint makes it clear that the "who" is sales agent Brandon Haynes, an employee of WVO who was also "selling property on behalf of WVR" (Doc. No. 24, at 3 (citing Doc. No. 18 ¶ 36)); that he made the fraudulent statements to the plaintiffs on or about October 30, 2012 in Davidson County, Tennessee (*id.* at 5 (citing Doc. No.

18 ¶¶ 1, 44); and that the "how" is "fairly simple[:] as the result of the fraudulent misrepresentations, Plaintiffs were induced into signing a timeshare contract with the Defendants that provided pecuniary gain to them, and loss to the Plaintiffs (*id.* (citing Doc. No. 18 ¶¶ 42–43, 87)).

The defendants' motion appears to focus on the eight "misrepresentations" articulated in Paragraph 66, subparts (a) through (h), of the Amended Complaint. The court agrees that these particular assertions are not pleaded with the particularity required by Rule 9. They are facially deficient, as they are very general and vague, and they do not identify the actual fraudulent statements made, even if the court assumes they were made by Brandon Haynes at the sales meeting on October 30, 2012. To the extent the TTSA claim is premised upon those particular allegations, it is subject to dismissal.

However, the alleged misrepresentations by Haynes set forth in Paragraphs 36 through 41, in Part VII of the Amended Complaint, are not plagued by the same lack of particularity. Apparently recognizing as much, the defendants raise several new arguments in their Reply brief. First, they assert that the Amended Complaint "blurs the corporate line between the two Defendants" and fails to distinguish between them and that, while the plaintiffs state in their Response brief that Brandon Haynes was "an employee of WVO, and [was] selling property on behalf of WVR," their Amended Complaint does not state as much. (Doc. No. 25, at 2.) The court is not persuaded. The plaintiffs allege that the two defendants essentially functioned as alter egos of each other and that Haynes was an agent of both. The plaintiffs further claim that the defendants' liability for Haynes's actions arises under Tennessee's *respondeat superior* doctrine. (Doc. No. 18 ¶ 8(c).) "Vicarious liability allegations, even those that are derivative of fraud, are not subject to Rule 9(b)'s particularity requirement because they are not 'allegations of fraud.'" *Noblitt v.*

*Bluegreen Vacations Unlimited, Inc.*, No. 3:18-CV-117, 2019 WL 7290474, at *4 (E.D. Tenn. Mar. 20, 2019) (citing *In re Nat'l Student Mktg. Litig.*, 413 F. Supp. 1156, 1157 (D.D.C. 1976)). The court finds that the plaintiffs have adequately pleaded facts supporting a plausible claim for vicarious liability.

The defendants also argue that the majority of the alleged misrepresentations upon which the plaintiffs' claim hinges are statements of opinion or intention or constitute "conjecture or representations concerning future events" or sales "puffery," none of which is actionable as fraud. (Doc. No. 25, at 2–4.) The plaintiffs assert in their Sur-Reply that the new arguments raised in the defendants' Reply should be stricken and deemed waived, as they were not raised in the defendants' original Motion and Memorandum. The plaintiffs also argue that the defendants' new arguments are substantively without merit.

The court agrees both that the arguments set forth in the Reply are belated and that they are substantively without merit. The purported misrepresentations set forth in Part VII of the Amended Complaint are specific, are specifically attributable to Haynes, and were allegedly made on or about October 30, 2012 during the lengthy sales presentation that resulted in the plaintiffs' signing a timeshare contract that day. That is, the plaintiffs have adequately pleaded "the 'who, what, when, where, and how' of the alleged fraud.'" *Sanderson*, 447 F.3d at 877. The defendants' arguments that "some" of the alleged misrepresentations identified by the plaintiffs are not actionable as fraud because they amount to conjecture, representations concerning future events, or sales puffery themselves are not adequately specific. The defendants do not identify which statements they are attacking on those grounds, and the court notes that, under Tennessee law, a misrepresentation that "embod[ies] a promise of future action without the present intention to carry out the promise" may be actionable as promissory fraud. *Stacks v. Saunders*, 812 S.W.2d 587, 592

(Tenn. Ct. App. 1990); *Brungard v. Caprice Wreckers, Inc.*, 608 S.W.2d 585, 590 (Tenn. Ct. App. 1980). In addition, parts of the plaintiffs' TTSA claim are not premised on fraud at all. The plaintiffs also appear to be alleging that the defendants violated the TTSA by engaging in "high-pressure sales tactics" and that they failed to comply with affirmative obligations to make certain disclosures at the time of closing, including information about closing fees and about the plaintiffs' rescission rights. (*See* Doc. No. 18 ¶¶ 69–70, 73–86.) The defendants' motion does not address these allegations.

The court finds, in short, that the plaintiff's TTSA claim is not subject to dismissal in its entirety for failure to comply with the particularity requirements of Rule 9. The motion to dismiss this claim will be denied *except* insofar as it targets the allegations in paragraph 66 of the Amended Complaint. That portion of the claim will be dismissed.

## IV.    CONCLUSION

For the reasons set forth herein, the defendants' Motion to Dismiss will be granted in part and denied in part. An appropriate Order is filed herewith.

_____

ALETA A. TRAUGER
United States District Judge